IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JORY AMOS GIBSON | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv264 |
| DOUG DRETKE, ET AL. | § | |

MEMORANDUM OPINION REGARDING VENUE

Plaintiff Jory Amos Gibson, an inmate confined at the Jester 4 Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Doug Dretke, the Director of the TDCJ; Doug Waldron, a Regional Director; Kevin Estep, an employee at the Pack Unit located in Navasota, Texas; Warden Braggs, the Warden at the Jester III Unit in Richmond, Texas; and Unknown Smith, an employee at the Stiles Unit.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that the defendants have acted with deliberate indifference to his health and safety. Plaintiff requests a transfer away from the Stiles Unit, the McConnell Unit, and the Jester 4 Unit, and plaintiff requests placement in protective custody.

## Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curium*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose. Here, plaintiff complains of incidents which appear to have occurred at the Jester 4 Unit, located in Fort Bend County, Texas. Further, the defendants are located in Walker County, Texas; Grimes County, Texas; and Fort Bend County, Texas. When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case are the above-listed counties. *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Walker, Fort Bend, and Grimes Counties are all located in the Houston Division of the United States District Court for the Southern District of Texas. Accordingly, venue for such claims is not proper in the Eastern District of Texas.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §

1406(a). The claims in this action for which venue is improper should be severed and transferred to the Southern District of Texas. Plaintiff's claim against Unknown Smith, an employee at the Stiles Unit, should remain in this action. An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   2   day of         June              , 2008.

```
                              KEITH F. GIBLIN
                              UNITED STATES MAGISTRATE JUDGE
```